UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AVIS ARTHUR LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-00783 ) |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Avis Arthur Lee, a pro se Tennessee resident, filed a Complaint for Review of a Social Security Disability or Supplemental Income Decision. (Doc. No. 1). He also submitted an application to proceed in forma pauperis. (Doc. No. 2). Because the information Lee provided sufficiently indicates that he cannot pay the full civil filing fee in advance without "undue hardship," Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001), the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

The Court is required to liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, the Court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Clark and taking all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The Court considers whether the factual allegations "plausibly suggest an entitlement to relief," Williams v. Curtin, 631 F.3d 380, 383 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not accept unwarranted factual inferences, DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007), or credit "legal conclusions masquerading as factual allegations." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

The Complaint alleges that the Social Security Administration ("SSA") has "disregarded [Lee's] due process procedural rights" in several ways, most notably by refusing to consider Plaintiff's appeal of a decision that erroneously reduced Plaintiff's disability benefit amount to recoup an alleged overpayment.[1] (Doc. No. 1). The principles of due process "apply to Social Security proceedings," Robinson v. Barnhart, 124 F. App'x 405, 410 (6th Cir. 2005) (citing Perales v. Richardson, 402 U.S. 389, 401-02 (1971)), and due process requires that "a social security hearing be 'full and fair.'" Flatford v. Chater, 93 F.3d 1296, 1303 (6th Cir. 1996) (quoting Perales, 402 U.S. at 401-02). The Court considers: "'1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedure used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'" Id. at 1305-06 (quoting

---

[1] Plaintiff seeks a reconsideration conference, the continuation of full disability benefits, and the refund of wrongfully withheld amounts. (Doc. No. 1).

Mathews v. Eldridge, 424 U.S. 319, 334 (1996)). Liberally construed, the Complaint alleges a private interest in "a fair determination of [Lee's] qualification (or lack thereof) for social security disability benefits and a meaningful opportunity to present his case." Adams v. Massanari, 55 F. App'x 279, 286 (6th Cir. 2003) (quoting Flatford, 93 F.3d at 1306). Lee also alleges that the SSA created an unreasonable risk of an erroneous deprivation of benefits by refusing to consider his appeal under existing procedures. See Adams, 55 F. App'x at 279 (explaining that the second factor concerns whether procedures deprived the claimant of an "interest in the fair determination of her eligibility for benefits"). The third factor – the Government's interest – cannot be fully considered until a later juncture. On balance, therefore, Lee states a plausible due process claim that may proceed for further development. The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Complaint includes a one-sentence request for a temporary restraining order ("TRO"). (Doc. No. 1 at 6). Before reaching the merits, a TRO movant must comply with specific procedural requirements. First, a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Second, a TRO motion must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b). Third, a TRO movant must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This Court mandates "strict compliance" with this notice provision by pro se parties. M.D. Tenn. L.R. 65.01(c). Lee, however, has not submitted a separate memorandum of law concerning the need for emergency relief. Nor has he supported the TRO motion with a sworn affidavit or a verified complaint. Finally, Lee has not explained in writing what efforts he made to

3

give notice of the TRO motion to Defendant or why notice should not be required. Because Lee has not satisfied these mandatory procedural requirements, the request for a TRO is **DENIED WITHOUT PREJUDICE.** Lee may **s**ubmit a proper motion for injunctive relief that the Court will consider in due course under the Federal Rules and Local Rules of Court.

In addition, Lee has submitted a "Motion to Allow Advocates to Assist Disabled Person." (Doc. No. 3). Lee states that he is autistic and has difficulty processing information and communicating in real time. <u>Id</u>. He asks the Court to accommodate these concerns by allowing two representatives (autism researcher Dr. T.A. McDonald and retired attorney David Tanney) to "assist and advocate for him before the court." <u>Id</u>. At this stage of the case, however, Lee is not expected to communicate with the Court or the opposing party in real time. Instead, Lee will submit written filings that will be entered on the electronic docket. Moreover, Lee does not need the Court's permission to receive voluntary assistance in the preparation of written materials he files in this case, as long as Lee personally reviews and signs all of his filings before submitting them. <u>See</u> Fed. R. Civ. P. 11(a). Because it appears that Lee's motion (Doc. No. 3) is unnecessary at this time, it is **DENIED AS MOOT**. However, if this resolution does not sufficiently account for Lee's concerns, or if Lee requires a specific accommodation at a later stage in the case, he may renew his request as necessary.

The Clerk of Court is directed to **ISSUE PROCESS** to the United States Attorney, the Social Security Administration, and the United States Attorney General, and to **SERVE** Defendant Social Security Administration in accordance with Rules 4(c)(3) and 4(i), as applicable, of the Federal Rules of Civil Procedure. This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary,

under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. Lee is cautioned that he must keep the Court informed of his current address at all times or risk dismissal. <u>See</u> Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. <u>See</u> https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE