# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **AVIS ARTHUR LEE** | ) | |
| | ) | **Case No. 3:22-cv-0783** |
| **v.** | ) | |
| | ) | |
| **KILOLO KIJAKAZI** | ) | |

**To:** **The Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's motion to dismiss (Docket No. 11), to which Plaintiff has filed a response. (Docket No. 13.) For the reasons that follow, the Court recommends that Defendant's motion (Docket No. 11) be GRANTED.

## I.     BACKGROUND

The *pro se* Plaintiff initiated this matter on October 4, 2022 by filing a complaint in which he alleges that the Social Security Administration ("SSA") refused to provide him with a "Constitutionally-guaranteed" appeal regarding the SSA's reduction of his Supplemental Social Security ("SSI") payments after he filed a reconsideration request. (Docket No. 1 at 5.)

In his complaint, Plaintiff alleges that he received a letter from the SSA on June 27, 2022 informing him that his SSI payments were being reduced because his "resources were more than a person could own and still get SSI." (*Id.* at 8, 14.) Plaintiff alleges that he had received federal Pell grants for college and that those amounts should not have been considered "resources" such that they lowered his SSI payments. (*Id.* at 8, 13.) He contends that he provided information to the SSA via voicemail and written letter regarding his Pell grants so that those amounts would not be

counted as "resources," but he was never able to speak with someone directly. (*Id.* at 8, 15.) In response to the SSA's June 27, 2022 decision, Plaintiff filed a "Request for Reconsideration" on August 9, 2022. (*Id.* at 8, 13.) He asserts that, as of the filing of his complaint, he had not received any communication from the SSA regarding his appeal. (*Id.* at 9.)

In his complaint, Plaintiff asks this Court to order the SSA to (1) continue his SSI payments in full until he is given an opportunity to be heard on appeal; (2) refund any amounts that were "wrongfully withheld" from his SSI payments while he has awaited his hearing; and (3) issue either a temporary restraining order or preliminary injunction granting the above relief.[1] (*Id.* at 6.)

On December 21, 2022, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)[2] for lack of subject matter jurisdiction. (Docket No. 11.) Defendant asserts that the complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 405(g). (*Id.* at 2.) Defendant also argues that Plaintiff has failed to allege any permissible basis for seeking relief from the Court before exhausting his administrative remedies. (*Id.* at 5.) Therefore, Defendant argues, Plaintiff has not presented this Court with a "final decision" to review, and the complaint must be dismissed. (*Id.* at 2.) Alternatively, Defendant asks this Court to consider its motion as one for summary judgment under Rule 56(c) and to grant it judgment as a matter of law. (*Id.* at 5-6.) In support of its request for summary judgment, Defendant filed a letter from the SSA to Plaintiff dated November 2, 2022 in which the SSA approved Plaintiff's reconsideration request and stated that the countable amount of Plaintiff's bank balance did not exceed the monthly resource limit. (Docket No. 11-1.)

---

[1] In an earlier order, this Court denied without prejudice Plaintiff's request for a temporary restraining order because Plaintiff did not comply with the mandatory procedural requirements set forth in Local Rule 65.01(C). (Docket No. 5 at 3–4.)

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

In response to the motion to dismiss, Plaintiff argues that his claims are not subject to the administrative exhaustion requirement. He asserts that he is not asking this Court to adjudicate the merits of his August 9, 2022 request. Instead, he is asking this Court to order the SSA to provide him with an opportunity to argue the merits of his case himself with the agency. (Docket No. 13 at 3.) He states that, when he filed his complaint, he had not received a response from the SSA acknowledging his August 9, 2022 request or setting a hearing; therefore, he argues that he could not have been awaiting a decision from the SSA at the time of filing of the complaint. In other words, he seems to contend that his case was not yet a part of the administrative process. However, Plaintiff acknowledges that a hearing on his August 9, 2022 request occurred on November 2, 2022; a determination was issued in his favor; and all amounts that were "previously wrongfully deducted from [his] disability payments have been fully refunded." (*Id.* at 3–4.)

Plaintiff then argues that the SSA was required to continue his SSI payments "without deductions" until his appeal had been decided, but it failed to do so.[3] (*Id.* at 3.) He states that it is this issue on which he seeks relief, and not the merits of his case. Accordingly, he argues, whether he exhausted his administrative remedies with respect to his case is irrelevant because the relief he seeks is "grounded in Constitutional law, not an interlocutory action." (*Id.*) Plaintiff also argues that this Court has subject matter jurisdiction over this matter because his claims are not moot. (*Id.* at 4–5.) To support this argument, Plaintiff asserts that the SSA has engaged in a "pattern … of ignoring due process requirements" and that this matter is "capable of repetition, yet can evade judicial review." (*Id.* at 4–5.)

---

[3] Plaintiff did not provide citations to case law or statutory law to support this contention.

3

Additionally, in his response, Plaintiff asks this Court, for the first time, to issue a declaratory judgment with respect to the whether the SSA may deduct payments from a claimant prior to conducting a hearing. (*Id.* at 7–8.)

## II.     LEGAL STANDARDS AND ANALYSIS

Because Defendant seeks dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, it is Plaintiff's burden to establish jurisdiction to survive the motion to dismiss. *Giesse v. Secretary of Dept. of Health & Human Svcs.*, 522 F.3d 697, 702 (6th Cir. 2008) (citing *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996)). This Court has broad discretion to consider evidence outside of the pleadings in evaluating whether subject matter jurisdiction in fact exists and is empowered to resolve factual disputes when necessary. *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014); *Madison-Hughes*, 80 F.3d at 1130.

The Social Security Act at 42 U.S.C. § 405(g) governs a federal court's jurisdiction to review decisions of the Social Security Administration:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

This Social Security Act further explains that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). As noted by the Supreme Court, these provisions "clearly limit[] judicial review to a particular type of agency action, a final decision of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (internal quotations omitted). Notably, the requirement of a "final decision" is not waivable by the parties. *McQueary v. Colvin*, No. 3:15-

4

CV-00068-CHL, 2017 WL 63034, at *4 (W.D. Ky. Jan. 5, 2017) (citing *Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991)).

The administrative review process implemented by the Commissioner involves four steps that must be undertaken prior to federal court review: (1) an initial determination; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) review by the Appeals Council. 20 C.F.R. § 404.900(a). Although the term "final decision" is not defined in the Social Security Act, the regulations indicate that the Appeals Council's decision at step four is controlling:

> The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the [ALJ] if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.

20 C.F.R. § 404.981. Therefore, "for purposes of the finality requirement of [42 U.S.C.] § 405(g), a claim becomes final after the Appeals Council renders its decision." *Willis*, 931 F.2d at 397.

Applying this law, the Court finds a lack of subject matter jurisdiction in this matter. The record is clear that Plaintiff skipped several steps in the administrative review process before seeking relief from this Court. Although Plaintiff had asked for reconsideration of the SSA's June 27, 2022 decision, he was still awaiting a response from the SSA when he filed his complaint. His claim had not yet made its way through the administrative review process to a final decision from the SSA Commissioner. For that reason, this claim is not properly before the Court.

Plaintiff does not dispute that he failed to exhaust his administrative remedies, but he contends that this requirement does not apply to him because this case is not an "interlocutory" action about the "merits" of the SSA's decision to reduce his SSI payments. Instead, he urges that

5

this case is "grounded in Constitutional law."[4] (Docket No. 13 at 3.) It appears that the "Constitutional law" to which Plaintiff refers is the due process clause as discussed by the Supreme Court of the United States in *Goldberg v. Kelly*, 397 U.S. 254 (1970). (Docket No. 1 at 3.)

Even if the question before this Court was only one of "Constitutional law" as Plaintiff asserts, the doctrine of administrative exhaustion nevertheless controls because Plaintiff's due process concerns arise under the Social Security Act. *See Sexton v. Kijakazi*, No. 6:21–CV–187–CHB, 2022 WL 1751003, at *6 (E.D. Ky. May 31, 2022) (finding that the plaintiff's constitutional due process argument arose under the Social Security Act and, therefore, a final decision by the SSA Commissioner was required for the court to have subject matter jurisdiction to entertain the constitutional claim). *See also Justiniano v. Soc. Sec. Admin.*, 876 F.3d 14, 22 (1st Cir. 2017) ("[T]he fact that the plaintiffs have a constitutional basis for their claims does not change the fact that those claims 'arise under' the Act.") (citing *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 11–14 (2000); *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975)); *Martin v. Colvin*, No. 15-46-ART, 2015 WL 7202484, at *3 (E.D. Ky. Nov. 16, 2015) ("Indeed, all of the plaintiffs' claims [including their constitutional claims] 'arise under' the Social Security Act because they challenge some aspect of the agency's decision about their benefit claims."). Plaintiff must present his due process arguments – and all others that "arise under" the Social Security Act, including mootness and any possible exceptions to that doctrine – to the SSA before this Court may entertain those claims. There is no jurisdiction on which this Court could predicate review of

---

[4] Plaintiff's assertion that he is concerned with his due process rights rather than the merits of his claim contradicts his request for relief where he asks this Court to order the SSA to continue his SSI payments until he is heard on appeal and to refund any amounts that were "wrongfully withheld" from his payments.[4] (Docket No. 1 at 6.)

6

Plaintiff's claim because there is no "final decision" of the Commissioner. *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012).[5]

Because the Court finds a lack of subject matter jurisdiction in this matter, it is recommended that this claim be dismissed without prejudice in adherence to the Sixth Circuit's guidance that "[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

## III.    RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Defendant's motion to dismiss (Docket No. 11) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004)

---

[5] Because this Court lacks subject matter jurisdiction, it does not reach Defendant's alternative request for a ruling that it is entitled to judgment as a matter of law under Rule 56(c) (Docket No. 11 at 5–6); Plaintiff's request for a preliminary injunction (Docket No. 1 at 6); or Plaintiff's request for a declaratory judgment (Docket No. 13 at 7–8).

7

(en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge